UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DICKENS COURT HOMEOWNERS ASSOCIATION, INC. | * * * | CASE NO. 4:23-cv-03880 |
| Plaintiff, | * * | |
| VERSUS | * * | JUDGE: HOYT |
| ASPEN SPECIALTY INSURANCE COMPANY | * * * | |
| Defendants. | * * | |

* * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| DICKENS COURT HOMEOWNERS ASSOCIATION, INC. | * * * | CASE NO. 4:24-cv-01409 |
| Plaintiff, | * * | |
| VERSUS | * * | JUDGE: HITTNER |
| ASPEN SPECIALTY INSURANCE COMPANY | * * * | |
| Defendants. | * * | |

* * * * * * * * * * * * * * * * * * * *

## **DEFENDANT'S MOTION FOR CONTEMPT**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Aspen Specialty Insurance Company, ("Aspen") who hereby files this Motion for Contempt, seeking dismissal of this suit and appropriate sanctions under Fed. R. Civ. P. 37 for

Plaintiff's failure to comply with the Court's Order of October 10, 2024, and states as follows:

1.      Aspen was forced to file a Motion to Compel Discovery and Depositions in this matter on September 13, 2024 after Plaintiff failed to fully respond to Aspen's written discovery, to produce documents referenced in the deposition of its corporate representative, to designate a corporate representative capable of testifying regarding the matters outlined in Aspen's Rule 30(b)(6) notice, and to provide dates for additional depositions requested by Aspen. (Doc. 21).

2.      After the submission of an opposition by Plaintiff (Doc. 22) and reply by Aspen (Doc. 23), the Court ordered Plaintiff to designate a qualified person to be deposed pursuant to Aspen's Rule 30(b)(6) request, denied Plaintiff's objections to Aspen's discovery requests, ordered Plaintiff to supplement its responses to the requests outlined in Aspen's Motion to Compel, ordered Plaintiff to produce documents identified by Plaintiff's corporate representative in her deposition, and ordered Plaintiff to confer with Aspen regarding the requested depositions within 15 days of the October 10, 2024 Order. (Doc. 24).

3.      The deadline to comply with the Order was October 25, 2024.  As of this filing, Plaintiff has not complied with the Order in any respect.

4.      Fed. R. Civ. P. 37(b) allows the Court to sanction a party for not obeying a discovery order.  Potential sanctions may include:

> (i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)     dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id*.

5.      As set forth in Aspen's Motion to Compel and Reply Memorandum, Aspen has been greatly prejudiced by Plaintiff's ongoing failure to meet its discovery obligations. Plaintiff has now also failed to comply with this Court's Discovery Order. Accordingly, Aspen moves for an order dismissing Plaintiff's claims with prejudice and a finding of contempt against Plaintiff and Plaintiff's counsel for their failure to comply with the Court's Order. Alternatively, in the event the Court does not dismiss Plaintiff's claims, Defendant requests a stay of the proceedings until Plaintiff obeys the Court's Order.

6.      Fed. R. Civ. P. 37(b) also states, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was justified or other circumstances make an award of expenses unjust." Plaintiff's failure to permit discovery and obey the Court's Order is not justified, and there are no other circumstances that make an award of expenses unjust. Accordingly, Aspen requests that Plaintiff and Plaintiff's counsel be

3

jointly ordered to pay Aspen's expenses, including attorney's fees, caused by Plaintiff's failure to permit discovery and obey the Court's Order, specifically all costs and fees associated with Aspen's efforts to obtain the requested discovery without court intervention, Aspen's Motion to Compel, the present motion, and the deposition of Plaintiff's second corporate representative to testify regarding the matters set forth in the 30(b)(6) notice.

7.      Aspen also requests the Court issue further orders under Fed. R. Civ. P. 37 which it deems just and appropriate.

Respectfully submitted:

LOBMAN, CARNAHAN, BATT, ANGELLE & NADER

*/s/ Charles R. Rumbley*

_____
JAMES P. NADER
TX Bar No. #24054425
CHARLES R. RUMBLEY
TX Bar No. #24076141
Pennzoil Plaza
700 Milam, Suite 1300
Houston, TX 77002
TEL: (832) 871-5286
jpn@lcba-law.com; crr@lcba-law.com

## **Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document has been furnished to counsel for Plaintiff, via the Court's ECF filing system, on this 29th day of October, 2024.

/s/ *Charles R. Rumbley*